Case 2:15-cv-00125 Document 10 Filed in TXSD on 02/11/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:15-CV-125 |
| | § | |
| MATT BARBER *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on February 11, 2016, the Court considered Plaintiff's pro se prisoner complaint, Dkt. No. 1; his motion to voluntarily dismiss, Dkt. No. 6; the pending Memorandum and Recommendations ("M&R") of the magistrate judge to whom this case is referred, Dkt. No. 9; and the entire record in this case. The deadline for filing objections to the magistrate judge's proposed findings and recommendations has passed, and, according to the docket sheet, Plaintiff has filed no objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

Plaintiff moved to dismiss this case voluntarily after the Court sent him a notice of deficiency on March 13, 2015. *See* Dkt. No. 5 at 1 (notice); Dkt. No. 6 at 1—2 (acknowledging receipt and moving to dismiss voluntarily). He represented that he was having difficulty obtaining the prisoner trust fund statement required by 28 U.S.C. § 1915(a)(2) and that he no longer wished to pursue his claims. *See* Dkt. No. 6 at 1—2. Plaintiff alleged that he filed a Form I-60 requesting a trust fund statement but prison officials were hindering his efforts. *See id.* at 1—2. Construing Plaintiff's motion liberally, this Court extended his deadline to file a trust fund statement required by § 1915(a)(2) to July 15, 2015. Dkt. No. 8 at 2–3.

Plaintiff did not file anything after that date, according to the docket sheet, and on July 31, 2015, the magistrate judge issued the instant M&R recommending

that this Court dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b). Dkt. No. 9 at 2. Plaintiff has filed nothing further to date.

The statute of limitations likely has run on Plaintiff's claims under 42 U.S.C. § 1983. Plaintiff alleges that the assault out of which his claims arise occurred more than two years ago on January 25, 2013. Dkt. No. 1 at 4. Dismissing this action without prejudice will therefore likely prevent Plaintiff from refiling it because it will be barred by the two-year statute of limitations applicable to claims under 42 U.S.C. § 1983 in Texas.[1] *See Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001)) (holding that Texas's two-year limitations period applied to § 1983 claims); *see also, e.g., Heslep v. Thaler*, Civ. A. No. H-15-2595, 2015 WL 6506193, at *2 (S.D. Tex. Oct. 27, 2015), appeal docketed No. 15-20686 ("Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous." (citation omitted)). When a claim dismissed without prejudice under Rule 41(b) would likely be barred by limitations, the dismissal is treated as a dismissal with prejudice. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)) ("We treat the dismissal without prejudice as a dismissal with prejudice, however, as to Appellant's claims that would be barred by limitations."). Two conditions must be met before an action can be dismissed with prejudice under Rule 41(b): "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (per curiam) (citing *Sealed Appellant*, 425 F.3d at 417). Additionally, one or more of the following three aggravating factors must generally be present to justify dismissal: "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of

---

[1] Plaintiff's complaint bears the signature date August 4, 2014, Dkt. No. 1 at 5, and a postmark date of March 11, 2015, *id.* at 16. The Court implies no view on whether the instant civil action is barred by limitations.

intentional conduct." *Sealed Appellant*, 452 F.3d at 418 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982)) (emphasizing that "[w]e have stated that aggravating factors must usually be found; we have not said they must always be found" (internal quotation marks and citation omitted)); *accord. Coleman*, 745 F.3d at 766 n.9.

    Here, the Court finds a clear record of delay. The magistrate judge warned Plaintiff three times that he faced dismissal for failing to pay the filing fee or submit the required prisoner trust fund account statement—once by a notice of deficient pleading, Dkt. No. 5 at 1, and twice in his M&R's recommending dismissal, Dkt. No. 7 at 1; Dkt. No. 9 at 2. Plaintiff evinced an understanding of the consequences he faced when he filed his self-styled motion to dismiss voluntarily. *See* Dkt. No. 6 at 2. When Plaintiff complained that he was having difficulty obtaining the needed trust fund statement, this Court, acting out of an abundance of caution, extended his deadline to do so rather than dismissing this action. Dkt. No. 8 at 2. Approximately six months have passed since the expiration of Plaintiff's extended deadline, and he has not moved for a further extension or filed anything at all. The delay here exceeds the length of time the Fifth Circuit has found sufficient to warrant dismissal under Rule 41(b) in analogous circumstances. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal for failure to prosecute where prisoner plaintiff did not submit trust fund statement and pay filing fee after two warnings from magistrate judge and four months' time to comply); *see also, e..g, Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (per curiam, unpublished) (affirming dismissal of prisoner's suit for failure to prosecute where district court entered order inviting plaintiff to file response because plaintiff did not respond to order).

    As for whether lesser sanctions would serve the best interests of justice, Plaintiff has advised the Court that he is an indigent prisoner. *See* Dkt. No. 6 at 1—2 (discussing alleged difficulties obtaining trust fund statement). This Court has already tried extending Plaintiff's deadline to file his statement. *See* Dkt. No. 8 at

2. Accordingly, the Court finds that financial sanctions and imprisonment would be unlikely to prompt diligent prosecution. *See, e.g., Sampson v. Giles*, 410 F. App'x 823, 825 (5th Cir. 2010) (per curiam, unpublished) (affirming district court's finding that fining indigent pro se prisoner would be ineffective and "[i]mposing a term of jail time would also have been ineffective since Sampson was already in prison" (citation omitted)).

Finally, the Court finds that the delay is intentional and attributable to this pro se Plaintiff personally. The record contains no evidence that Plaintiff failed to receive any correspondence from this Court. While Plaintiff stated that he was having difficulty obtaining a trust fund statement from staff in his prison law library, his difficulties did not prevent him from communicating with the Court by mail. *See* Dkt. No. 6 at 1. Accordingly, Plaintiff's apparently personal, intentional failure to file a trust fund statement or motion seeking a further extension serve as aggravating factors justifying dismissal. *See Samson*, 410 F. App'x at 825 (finding presence of two aggravating factors because plaintiff "was proceeding pro se and caused the delay by his own actions, not by mistake or negligence").

For these reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE** to its merits for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Court grants Plaintiff leave to file a motion to reconsider this order within 30 days after the entry of its entry after which final judgment will be entered.

It is so ORDERED.

SIGNED this 11th day of February, 2016.

Hilda Tagle
Senior United States District Judge